795 So.2d 618 (2001)
Charles Thomas GARDNER, Jr., Appellant
v.
Janet Glisson GARDNER, Appellee.
No. 2000-CA-00930-COA.
Court of Appeals of Mississippi.
September 25, 2001.
Bill Waller Sr., Jackson, for Appellant.
Thomas T. Buchanan, Laurel, for Appellee.
Before SOUTHWICK, P.J., LEE, and MYERS, JJ.
MYERS, J., for the Court:
¶ 1. Charles Gardner appeals the February 10, 2000 order of the Chancery Court for the Second Judicial District of Jones County awarding Janet Gardner $2,500 in attorney fees in connection with her motion *619 for citation of contempt, motion for modification and motion for emergency relief. Finding no error, we affirm.

FACTS
¶ 2. The chancellor entered a final judgment of divorce between Charles and Janet on October 13, 1997. This judgment provided that Charles and Janet have joint custody of their children, each of them taking the children in four-day intervals. Janet filed her first motion for citation of contempt on July 18, 1998. As a result of that motion, an agreed order was entered on the matter in September 4, 1998, stipulating that when the children were exchanged, Janet would deliver the children to the Sandersville Police Department and Charles would deliver them to the Laurel Police Department.
¶ 3. On December 17, 1998, Janet filed a motion for citation of contempt, a motion for modification, and a motion for emergency relief. These motions were heard on January 11, 2000, and the chancellor promptly entered a judgment on the matter, granting primary physical custody to Janet. Such judgment made no mention of contempt or the payment of attorney fees. However, the chancellor's subsequent order pursuant to the judgment, entered on February 10, 2000, required Charles to pay $2,500 in attorney fees to Janet. The chancellor's order did not enumerate the rationale behind awarding the attorney fees, other than to say that Charles was found to be in contempt of court.

ANALYSIS

I. PROPRIETY OF THE AWARD OF ATTORNEY FEES
¶ 4. Charles argues that the chancellor erred in honoring Janet's request for attorney fees without evaluating that request pursuant to the six factors set forth in McKee v. McKee, 418 So.2d 764, 767 (Miss.1982). However, "the establishment of the McKee factors are not necessary for a contemnee to recover attorney fees related to pursuing actions where a contemnor has wilfully violated a lawful order of the court. To hold otherwise would cause no peril to those restrained from certain conduct if they violate the orders of a court." Mixon v. Mixon, 724 So.2d 956, 964 (¶ 29) (Miss.Ct.App.1998).
¶ 5. While we agree with Charles that there is a need to ensure "that the chancellor's award is based on factual information and is not arbitrary," we find evidence in the record to support the amount awarded in this case. At the hearing on her motions, Janet testified as to the amount she paid her attorney. No cross-examination was made on this matter, nor was any rebuttal evidence offered to contradict Janet's testimony. The chancellor was therefore justified in awarding Janet with those attorney fees that she testified had been incurred.
¶ 6. THE JUDGMENT OF THE CHANCERY COURT FOR THE SECOND JUDICIAL DISTRICT OF JONES COUNTY IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING and CHANDLER, JJ., concur.
BRANTLEY, J., not participating.