KING, P.J., for the court.
¶ 1. In February 2000, the Rankin County Chancery Court granted Randall Sawyer Smith and Angela Beth Smith (Little) a divorce on the ground of irreconcilable differences and approved the agreed-upon division of marital property. In August 2001, Angela Smith Little filed a motion for contempt, alleging that Randall Smith *737 failed to comply with certain provisions of the property settlement agreement. The chancellor found Randall Smith in contempt for failure to comply with the provisions of the agreement. Aggrieved by the chancellor’s decision, Randall Smith has appealed and raised the following issues:
I. Whether the chancellor erred in finding Randall Sawyer Smith in contempt of court.
II. Whether the chancellor erred in awarding Angela Beth Smith Little attorney’s fees.
FACTS
¶ 2. On February 14, 2000, Randall Sawyer Smith and Angela Beth Smith Little were granted a divorce based on irreconcilable differences in the Rankin County Chancery Court. The parties entered into a property settlement agreement which was incorporated into the final judgment. The agreement contained a provision at paragraph six regarding the use of a Jaguar automobile, which said:
Husband will maintain the exclusive use, possession, and ownership [sic] 1985 21-foot Bayliner, 1995 Yamaha Jet Ski 700, 1995 Acura Legend, 1998 Jaguar XJ-8, and 1999 Chevrolet Z-71 pickup and be responsible for any and all payments, maintenance, upkeep, and insurance for said vehicles. However, the 1998 Jaguar XJ-8 shall remain in the possession of wife until husband sales [sic] or turns in on lease or until lease expiration on October 2001. At such time as husband chooses to exercise one of the three options listed above, he then shall begin to pay the sum of $400 per month until December the 31st of 2005 or extended until December 31st of 2007 if she is not married. The 1998 19-foot Sea Ray shall be sold for no less than $15,000 unless agreed to by the parties, and the monies received from said sale shall be equally divided by the parties.
¶ 3. Mrs. Little, who had been in possession of the Jaguar automobile, indicated that her impression was that “I would drive it until the lease expired or until he turned it in, if he wanted to turn it in early on the lease, or if it was sold. And after one of the three happened, then I would be given a car allowance to put toward another car.” Mr. Smith testified that it was his “original intent” to terminate the lease on the vehicle.
¶ 4. In April 2001, Smith retrieved the vehicle, but did not make any payments to Mrs. Little for the car allowance. In August 2001, Little filed a motion for contempt against Smith for failure to make the required monthly payments as stated in the .property settlement agreement. Little asked the court to award her attorney’s fees as well.
¶ 5. The court determined that Smith was in contempt for his failure to pay beginning in April and continuing through November. The court awarded Little “the sum of $3,200 plus $500 as reasonable attorney’s fees and all costs of this court.”
ISSUES AND ANALYSIS
I.
Whether the chancellor erred in finding Randall Sawyer Smith in contempt of court.
¶ 6. Randall Smith contends that the chancellor erred in finding him in contempt of court for failure to abide by the provisions in the property settlement agreement. He asserts that the payments at issue were “in fact periodic alimony,” and that his “obligation to make those payments terminated upon Angela’s remarriage, four (4) days after the divorce was entered.”
*738 ¶ 7. Randall Smith presented this same issue to this Court upon direct appeal in Smith v. Little, 834 So.2d 54 (Miss.Ct.App.2002). In an opinion issued December 10, 2002, this Court found no error in the chancellor’s determination that the provision related to the Jaguar automobile represented a division of marital property, rather than periodic alimony.
¶ 8. While the chancellor did not have the benefit of this Court’s December 2002 opinion in addressing the contempt motion, he properly determined that the automobile and related payments were matters of property division. Having so determined, the chancellor also deemed it appropriate to hold Randall Smith in contempt for failure to abide by the marital property division portion of his decree.
¶ 9. The Mississippi Supreme Court has stated that “contempt matters are committed to the substantial discretion of the trial court which, by institutional circumstance and both temporal and visual proximity, is infinitely more competent to decide the matter than are we.” Cumberland v. Cumberland, 564 So.2d 839, 845 (Miss.1990). Chancellors are vested with broad discretion, and this Court will not disturb the chancellor’s findings unless the court’s actions were manifestly wrong, the court abused its discretion, or the court applied an erroneous legal standard. Mixon v. Mixon, 724 So.2d 956 (¶ 8) (Miss.Ct.App.1998).
¶ 10. Randall Smith claims that his attorney advised him that he should not send the monthly car allowance to Angela Smith Little. The Mississippi Supreme Court has held that “where a con-temnor defendant claims that he was acting upon the advice of counsel in violation of a solemn decree of the chancery court, this is no defense to a proceeding for contempt, although such fact may be taken into consideration by the chancellor in mitigation of the offense.” Matter of Estate of Hollaway, 631 So.2d 127, 134 (Miss.1993).
¶ 11. We find that the chancellor did not abuse his discretion in this issue.
II.
Whether the chancellor erred in awarding Angela Beth Smith Little attorney’s fees.
¶ 12. Randall Smith contends that Angela Smith Little did not offer sufficient evidence to justify an award of attorney’s fees. He maintains that the chancellor ignored the controlling decisions on this matter beginning with McKee v. McKee, 418 So.2d 764 (Miss.1982).
¶ 13. However, “the establishment of the McKee factors[1] are not necessary for a contemnee to recover attorney fees related to pursuing actions where a contemnor has wilfully violated a lawful order of the court. To hold otherwise would cause no peril to those restrained from certain conduct if they violate the orders of a court.” Gardner v. Gardner, 795 So.2d 618 (¶ 4) (Miss.Ct.App.2001).
¶ 14. The transcript contains the following testimony regarding attorney’s fees:
*739 Q. Now, let’s talk about the attorney’s fees. How much attorney fee have you incurred to bring this action here to date?
A. $1,000.
BY MR. CHRISTOPHER (for Randall Smith): I object to the form of the question, Your Honor. I don’t believe he can use this witness to establish reasonable and necessary attorney’s fees and hours expended under the McKee case.
BY THE COURT: Overruled. She can state how much she’s paid. That’s the question on the table; is it not?
BY MR. WOMACK (For Angela Smith Little): Yes, sir.
BY THE COURT: Overruled. You can answer.
(By Mr. Womack:) How much have you paid?
A. $1,000.
Q. And that was in attorney’s fees?
A. Attorney’s fees.
Q. Have you also incurred an $85 filing fee and a $25 service of process fee?
A. Yes.
Q. Are you asking the Court to reimburse you for those fees?
A. Yes.
¶ 15. An award of attorney fees is generally left to the discretion of the chancellor. Gray v. Pearson, 797 So.2d 387(¶ 34) (Miss.Ct.App.2001). The chancellor awarded Angela Smith Little $500 as “reasonable attorney’s fees.” We find that the chancellor did not abuse his discretion in awarding attorney’s fees.
¶ 16. THE JUDGMENT OF THE RANKIN COUNTY CHANCERY COURT IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and GRIFFIS, JJ., CONCUR.

. In determining an appropriate amount of attorneys fees, a sum sufficient to secure one competent attorney is the criterion by which we are directed. The fee depends on consideration of, in addition to the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case. McKee v. McKee, 418 So.2d 764, 767 (Miss.1982) (citation omitted).