847 So.2d 276 (2003)
Cheryl White STRAIN, Appellant,
v.
Kenneth Murdock STRAIN, III, Appellee.
No. 2001-CA-01628-COA.
Court of Appeals of Mississippi.
June 3, 2003.
*277 John Robert White, Jackson, attorney for appellant.
Stephen L. Beach, Jackson, attorney for appellee.
Before SOUTHWICK, P.J., LEE and GRIFFIS, JJ.
LEE, J., for the court.

PROCEDURAL HISTORY AND FACTS
¶ 1. Cheryl White Strain and Kenneth Murdock Strain were married in 1988. They had two children, Wesley, born June 18, 1990, and Ashlee, born October 18, 1991. A complaint for divorce was filed in the Rankin County Chancery Court on April 3, 1992, and a divorce on the grounds of irreconcilable differences was granted on March 26, 1993. Cheryl was granted primary custody of the minor children and Kenneth was granted visitation rights. Kenneth was also required to provide child support and payments for insurance and medical expenses. During the divorce Kenneth moved to Sarasota, Florida.
¶ 2. Since the divorce, Cheryl has filed numerous motions in the Rankin County Chancery Court, including three for contempt as a result of Kenneth's failure to timely pay child support. Kenneth has also filed various motions, most of which deal with modifications of the original judgment of divorce. On July 12, 2001, the chancellor entered a judgment of modification which altered the visitation schedule. The children were to have visitation with Kenneth at his Florida residence from July 23, 2001, through August 12, 2001. Cheryl was allowed a short visitation in Florida during this time period from August 3 through August 5.
¶ 3. During Cheryl's weekend visitation with the children in Florida, she brought the children back to Mississippi instead of giving them back to Kenneth for the rest of his visitation. Cheryl also neglected to inform Kenneth that she was taking the children back to Mississippi. Kenneth subsequently filed a petition for judgment of contempt on August 16, 2001, after which Cheryl filed an answer and a counter-petition for various relief. After a hearing on September 24, 2001, the chancellor found Cheryl in contempt for her interruption of Kenneth's visitation. The chancellor declined to incarcerate Cheryl or assess her with attorneys fees. Kenneth *278 was not found in contempt on any of the claims that Cheryl filed. Cheryl has appealed to this Court asserting the following issues: (1) the chancellor erred in holding Cheryl in contempt; (2) the chancellor erred in failing to hold Kenneth in contempt for his failure to pay child support; (3) the chancellor erred in failing to hold Kenneth in contempt for his failure to pay medical expenses; and (4) the chancellor erred in failing to hold Kenneth in contempt for his failure to provide proof of life insurance coverage. Finding no merit to the issues presented, we affirm.

DISCUSSION OF ISSUES

I. WHETHER THE CHANCELLOR ERRED IN HOLDING CHERYL IN CONTEMPT?
¶ 4. We now look to our standard of review in contempt cases. A citation for contempt is determined upon the facts of each case and is a matter for the trier of fact. Milam v. Milam, 509 So.2d 864, 866 (Miss.1987). A citation is proper when "the contemnor has willfully and deliberately ignored the order of the court." Bredemeier v. Jackson, 689 So.2d 770, 777 (Miss.1997). The factual findings of the chancellor in civil contempt cases are affirmed unless manifest error is present. Purvis v. Purvis, 657 So.2d 794, 797 (Miss. 1994) (citing Caldwell v. Caldwell, 579 So.2d 543, 545 (Miss.1991)). Contempt matters are committed to the sound discretion of the trial court, and we will not reverse where the chancellor's findings are supported by substantial credible evidence. Id.
¶ 5. At the hearing, Cheryl testified that she took the children because they were complaining about their summer visitation. The children told Cheryl that they had to sleep in the same room, although not in the same bed, they were not fed breakfast, they had lost a few pounds, they did not get to spend enough time with Kenneth, they had to spend some time with their stepmother at the restaurant where she worked, and they were not having any fun. During their testimony, the children said that the mother told them that their father was trying to put her in jail. In her testimony, Ashlee did state that she was well fed and did not normally eat a lot for breakfast anyway. Cheryl also testified that she did not tell Kenneth that she was taking the children back to Mississippi.
¶ 6. The chancellor found Cheryl to be in contempt of court because she interrupted Kenneth's summer visitation rights with the children. The chancellor also found the children's testimony to be less than reliable, as he stated in his findings of fact and conclusions of law, "what the Court heard from the children, in the Court's opinion, is they said exactly what they were told to say." According to the chancellor, the children "did, in fact, eat breakfast even though it may have been later than usual."
¶ 7. In finding Cheryl in contempt, the chancellor stated that "the concerns of Cheryl that the children told her about do not justify her actions in interrupting the children's visitation with their father." The chancellor also stated that "the mother considers all her actions to be proper conduct and nothing this Court can do will change her opinion, no matter how mistaken." Finding credible evidence in support of the chancellor's decision and no manifest error, we must affirm the judgment of contempt against Cheryl.

II. DID THE CHANCELLOR ERR IN FAILING TO FIND KENNETH IN CONTEMPT FOR FAILURE TO PAY CHILD SUPPORT?
¶ 8. As this issue also addresses contempt, we are still bound by the previously addressed standard of review in contempt *279 cases. Cheryl contends that the chancellor should have found Kenneth in contempt for his failure to pay child support on time. There was a payment due on September 15, 2001, and, in the record, there is a copy of a check from Kenneth to the Department of Human Services dated September 13, 2001. Although the payment had not been credited by the time it was due, according to the record, Kenneth was current with his child support payments.
¶ 9. This Court has stated that civil contempt is not a proper recourse when there are no overdue payments at the time of trial. Lipsey v. Lipsey, 755 So.2d 564(¶ 17) (Miss.Ct.App.2000). Kenneth was late on several payments, but was not past due on any payment obligations at the time of trial. The chancellor did not find Kenneth in contempt and we can find no error in this determination.

III. DID THE CHANCELLOR ERR IN FAILING TO FIND KENNETH IN CONTEMPT FOR FAILURE TO PAY MEDICAL EXPENSES?
¶ 10. With this issue, Cheryl contends that Kenneth should have been found in contempt for failure to timely pay medical expenses of the children. We still look to our standard of review relating to contempt issues. Kenneth owed $295 for medical expenses and, rather than sending a check in the mail when they were due on August 20, 2001, he paid them at the hearing on September 24, 2001. According to his testimony, Kenneth thought it would be better to pay them in person rather than chance the payment getting lost in the mail. Although the chancellor noted that Kenneth had paid the medical expenses, he admonished Kenneth for being so late in his payments and told him to be on time in the future. We can find no error in the chancellor's decision not to find Kenneth in contempt on this issue.

IV. DID THE CHANCELLOR ERR IN FAILING TO FIND KENNETH IN CONTEMPT FOR FAILURE TO PROVIDE PROOF OF LIFE INSURANCE COVERAGE?
¶ 11. With her last issue, Cheryl contends that Kenneth should be held in contempt for failing to provide proof of life insurance, pursuant to the original divorce decree. Kenneth testified that he did provide proof of a policy to Cheryl right after the divorce in 1993. Kenneth also testified that his insurance has changed and, since the change in January of 2001, he had not provided Cheryl with any proof of life insurance. However, Kenneth stated that Cheryl had a copy of his most recent life insurance policy.
¶ 12. The chancellor ordered Kenneth to provide proof of his life insurance coverage immediately. Furthermore, the chancellor stated, "If this issue is brought before the Court again, and no proof is shown to this Court, Kenneth shall be held in contempt of this Court's order." Although we may have found Kenneth in contempt, we cannot find that the chancellor manifestly erred in failing to do so.
¶ 13. THE JUDGMENT OF THE RANKIN COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.