GRIFFIS, P.J.,
 

 for the Court:
 

 ¶ 1. Bobby Charles Mitchell Jr. appeals the judgment of the DeSoto County Chancery Court finding him in contempt of court for the failure to make alimony payments as directed by the parties’ divorce decree. Bobby claims that his ex-wife, Kimberly Betty Kilgore Mitchell, also failed to abide by the provisions of the divorce decree; thus, Bobby claims: (1) Kimberly should not have been granted relief because she entered court with unclean hands; and (2) the chancellor should have found Kimberly in contempt of court for her failure to make the mortgage payments on the marital home. We find no error and affirm.
 

 FACTS
 

 ¶2. The parties divorced on December 2, 2008. A settlement agreement concerning child custody, child support, and property division was incorporated into the divorce decree. Kimberly was awarded $1,000 per month in alimony, and she received ownership of the marital home. The agreement stated: “Wife shall attempt to refinance the home within the twenty-four months that she is receiving assistance with the mortgage.”
 
 [1]
 

 ¶ 3. Bobby failed to make any alimony payments after March 2009. As a result, Kimberly filed a petition for contempt and modification on April 28, 2009. Bobby filed his answer and petition for modification on October 7, 2009. He asserted the defense of unclean hands because Kimberly had failed to refinance the mortgage on the marital home and remove his name from the loan. Because Kimberly had failed to make the mortgage payments, Bobby argued that his credit rating had been harmed.
 

 ¶ 4. In his answer, Bobby admitted that he had not made his required alimony payments. Instead, he chose to place those funds into the escrow account of his attorney because Kimberly had not made the mortgage payments. At trial, Kimberly testified that she had made the mortgage payment through June 2009. She was unable to make the subsequent payments because of Bobby’s failure to pay her alimony. Kimberly also testified that she had attempted to sell the home via a short sell; however, Bobby had stopped the sale because it would have resulted in a tax liability for him.
 

 ¶ 5. The chancellor found that Kimberly was the exclusive owner of the marital home, and she was not in contempt for her failure to refinance or sell the home. The chancellor held Bobby in contempt for his failure to make alimony payments and awarded Kimberly $14,280 in delinquent alimony.
 
 [2]
 

 
 *863
 
 STANDARD OF REVIEW
 

 ¶ 6. “This Court will affirm the decision of the chancellor when it is supported by substantial evidence unless the chancellor abused [his] discretion, the decision was manifestly wrong or clearly erroneous, or the chancellor applied an erroneous legal standard.”
 
 Pool v. Pool,
 
 989 So.2d 920, 923 (¶ 9) (Miss.Ct.App.2008).
 

 ANALYSIS
 

 1. Whether Bobby may assert the unclean-hands doctrine as a defense to his failure to make alimony payments.
 

 ¶ 7. Bobby claims that Kimberly could not seek relief from the chancellor because she failed to comply with the provision of the divorce decree that required her to keep up the mortgage payments on the home. Bobby argues that Kimberly’s failure to do so made her in contempt and invoked the unclean-hands doctrine, which is his defense for refusing to make the alimony payments required by the divorce decree.
 

 ¶ 8. “The elean[-]hands doctrine prevents a complaining party from obtaining equitable relief in court when he is guilty of willful misconduct in the transaction at issue.”
 
 Bailey v. Bailey,
 
 724 So.2d 335, 337 (¶ 6) (Miss.1998). At the time of the filing of Kimberly’s petition for contempt, there is no evidence that she had violated any portion of the divorce decree. It is undisputed that Bobby had stopped making his alimony payments months before Kimberly stopped making the mortgage payments. The agreement provided for alimony payments for twenty-four months, in which time Kimberly was required to
 
 attempt
 
 to refinance the home. Yet Bobby had stopped making the alimony payments just four months after the divorce was finalized. Bobby may not assert Kimberly’s failure to make the mortgage payments as a defense to the contempt proceeding when there was sufficient proof that her nonpayment was a direct result of his decision to withhold alimony payments.
 

 ¶ 9. Accordingly, we find that the chancellor properly denied Bobby’s assertion of the defense of unclean hands.
 

 2. Whether the chancellor properly held that no contempt action existed as to Kimberly’s failure to refinance the marital home.
 

 ¶ 10. Bobby claims that the chancellor should have held Kimberly in contempt for her failure to refinance the marital home. He contends that the language of the divorce decree is clear that Kimberly must be responsible for and hold him harmless for all expenses relating to the home.
 

 ¶ 11. Bobby states that the divorce decree requires the following:
 

 Wife shall receive the exclusive use, title, and possession to the marital residence located at 3852 Misty Oaks Lane, Nesbit, MS 38651. Husband shall execute a Quitclaim Deed relinquishing all of his right, title and interest in the said property. Wife shall be responsible for all mortgage payments and related expenses to the said residence and hold Husband harmless from same. Husband agrees to sign whatever documents may be necessary in order for Wife to obtain information about the mortgage so long as she is living in the home. Wife shall attempt to refinance the home within the twenty-four months that she is receiving assistance with the mortgage. Wife shall receive all equity in the home. The Husband agrees to bring the mortgage current through October 2008 in accordance with his obligation under the Temporary Order.
 

 
 *864
 
 ¶ 12. On appeal, Bobby claims that Kimberly is in contempt because, at the time of the hearing, she had failed to refinance the home within the twenty-four months following the divorce. However, Bobby never requested that the chancellor find Kimberly in contempt. In his answer and counter petition for modification, Bobby only requested that his child support be reduced and his visitation be modified.
 

 ¶ 13. Further, the agreement merely required that Kimberly attempt to refinance the home within twenty-four months. Bobby presented absolutely no evidence that she failed to make such attempt. Again, the record is clear that Kimberly was unable to make the mortgage payments on the home due to Bobby’s decision to withhold alimony payments. Bobby also chose to cancel Kimberly’s sale of the home because of certain tax consequences to him.
 

 1114. The chancellor properly found that Kimberly was not in contempt for her failure to refinance or sell the marital home. Therefore, the chancellor’s judgment is affirmed.
 

 ¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.
 

 [1]
 

 . The agreement was not made part of the record on appeal. We rely on Bobby's brief and testimony during trial to ascertain the language of the agreement.
 

 [2]
 

 . The chancellor also modified visitation and lowered Bobby’s monthly child-support payments. Neither of these issues have been raised on appeal.