## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2013-CP-01852-COA

**DAVID H. VINCENT**                                                                 **APPELLANT**

v.

**JOAN HANKINS RICKMAN**                                                        **APPELLEE**

DATE OF JUDGMENT:                09/25/2013
TRIAL JUDGE:                          HON. PERCY L. LYNCHARD JR.
COURT FROM WHICH APPEALED:   DESOTO COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:       DAVID H. VINCENT (PRO SE)
ATTORNEY FOR APPELLEE:        A.E. (RUSTY) HARLOW JR.
NATURE OF THE CASE:            CIVIL - DOMESTIC RELATIONS
TRIAL COURT DISPOSITION:      FOUND VINCENT IN CONTEMPT AND
                              ORDERED PAYMENT OF RICKMAN'S
                              ATTORNEY'S FEES
DISPOSITION:                  AFFIRMED - 03/10/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.

### CARLTON, J., FOR THE COURT:

¶1.     The DeSoto County Chancery Court entered two orders finding David Vincent in

contempt for failing to make child-support payments and attorney's fee payments ordered

by the chancellor. David now appeals, claiming that the chancellor erred in finding David

in contempt and in awarding attorney's fees to David's ex-wife, Joan Vincent. Finding no

error, we affirm.

### FACTS

¶2.     David and Joan married on August 18, 1988. The marriage produced three children.

On February 24, 2007, the couple divorced, and David and Joan were each awarded joint legal and physical custody of the children, with David to pay child support.

¶3. Joan filed a petition for citation of contempt against David on July 25, 2012, for failure to make a timely child-support payments. David filed a counter-motion and asserted the defense of the "Doctrine of Unclean Hands," claiming that Joan was also in contempt for failing heed the trial court's April 24, 2012 order to provide David with health-insurance cards within thirty days. On September 4, 2012, the trial court entered an order finding David in contempt and ordering him to pay attorney's fees of $1,999.50. David filed a motion for reconsideration on September 7, 2012.

¶4. On October 5, 2012, Joan filed another petition for citation of contempt, claiming David was again delinquent on paying child support. David and Joan entered an agreed order of continuance on November 14, 2012, both agreeing that David was in arrears in making the child-support payments and attorney's fees payments as ordered in the previous petition. The parties agreed to an additional attorney's fees payment of $1,500 for the necessity of filing the new petition for contempt. The trial court then continued the case to allow David to bring his payments current.

¶5. After a trial held on June 17, 2013, the trial court found David in contempt of a court order for failing to pay the ordered child-support award to Joan. The chancellor found David's child-support payments current at the time of the hearing; however, the chancellor found that David failed to pay in full the attorney's fees ordered on November 14, 2012. The chancellor ordered attorney's fees of $3,125.78 for the legal work performed in between the previous hearing and the hearing conducted on June 17. The chancellor also ordered David

2

to be incarcerated until he paid the outstanding attorney's fees. The record reflects that the chancellor also issued a second order on June 17, 2013, finding that David paid $3,125.78 towards the judgment against him, and thus ordered the sheriff's department to release David from custody.

¶6. On June 26, 2013, David filed a motion for reconsideration of the June 17, 2013 order. Joan responded to the motion for reconsideration, and Joan's attorney filed a motion for additional attorney's fees for: responding to the motion for reconsideration; noticing David's motion so that it could be heard by the court; and appearing at the hearing.

¶7. On September 25, 2013, the chancellor entered an order denying David's motion for reconsideration and granting Joan's motion for additional attorney's fees of $1,000. David now appeals this order, asserting the following assignments of error: (1) the chancellor erred when he dismissed David's assertion of unclean hands in his "Answer to Motion of Contempt"; (2) the chancellor erred when he found David in contempt and ordered additional attorney's fees of $3,125.78; (3) the chancellor erred by placing David under arrest on June 26, 2013, for failure to pay attorney's fees assessed against him; (4) the chancellor erred by dismissing both of David's motions for reconsideration and awarding Joan an additional $1,000 for attorney's fees; and (5) the chancellor erred by charging excessive attorney's fees against David when Joan possessed the ability to pay her own attorney's fees.

## STANDARD OF REVIEW

¶8. "This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong [or] clearly erroneous, or [applied] an erroneous legal standard[.]" *Corkern v. Corkern*, 58 So. 3d 1229,

3

1231 (¶6) (Miss. Ct. App. 2011) (citing *Sanderson v. Sanderson*, 824 So. 2d 623, 625-26 (¶8) (Miss. 2002)).

¶9. The Mississippi Supreme Court has established that "[a] citation for contempt is determined upon the facts of each case and is a matter for the trier of fact." *Milam v. Milam*, 509 So. 2d 864, 866 (Miss. 1987). A citation for contempt is proper where a party "has willfully and deliberately ignored the order of the court." *Strain v. Strain*, 847 So. 2d 276, 278 (¶4) (Miss. Ct. App. 2003). This Court will affirm the the factual findings of the chancellor in civil-contempt cases unless manifest error is present. *Id*. "Contempt matters are committed to the sound discretion of the trial court, and we will not reverse where the chancellor's findings are supported by substantial credible evidence." *Id*.

## DISCUSSION

### I.     Unclean-Hands Defense

¶10. David argues that the chancellor erred in dismissing David's defense of unclean hands in his answer to Joan's July 25, 2012 petition for citation of contempt. David claims that Joan violated a prior order of the chancellor by failing to provide David with health-insurance cards within the allotted thirty-day period, and therefore Joan came into the court with unclean hands.

¶11. The doctrine of unclean hands provides that "he who comes into equity must come with clean hands." *Thigpen v. Kennedy*, 238 So. 2d 744, 746 (Miss. 1970). The supreme court has further explained the meaning of unclean hands, stating that "[t]he clean[-]hands doctrine prevents a complaining party from obtaining equitable relief in court when he is guilty of willful misconduct in the transaction at issue." *Bailey v. Bailey*, 724 So. 2d 335,

4

337 (¶6) (Miss. 1998); *see also Mitchell v. Mitchell*, 67 So. 3d 861, 863 (¶¶7-8) (Miss. Ct. App. 2011) (doctrine of unclean hands serves a defense to contempt actions).

¶12. In the present case, David failed to provide any evidence, other than his own assertion, in support of his claim that Joan willfully violated the prior order of the chancellor. While the record does contain the April 24, 2012 order directing Joan and David to exchange health-insurance cards within thirty days of that order, we find no evidence presented in the record that Joan violated the order. The record also fails to contain the transcript from the September 4, 2012 hearing addressing Joan's July 25, 2012 petition for citation of contempt and David's assertion of unclean hands. This Court will consider only those facts that actually appear in the record; we will not rely on mere assertions in a brief. *Yancey v. Yancey*, 752 So. 2d 1006, 1012 (¶20) (Miss. 1999). After reviewing the record, we find no error in the chancellor denial of David's assertion of unclean hands.

## II. Finding of Contempt and Award of Attorney's Fees

¶13. David also argues that the chancellor erred in finding David in contempt of court and in ordering additional attorney's fees of $3,125.78 due to David's late support payment in September 2012. David claims that the chancellor previously found him in contempt for the exact same issue and assessed $1,500 in attorney's fees against him. David argues that the chancellor also erred by dismissing both of his motions for reconsideration and awarding Joan an additional $1,000 in attorney fees. David claims that he is being denied justice as continual contempt claims are brought against him.

¶14. We recognize that a citation for contempt is proper where a party "has willfully and deliberately ignored the order of the court." *Strain*, 847 So. 2d at 278 (¶4). "In contempt

5

actions, attorney's fees are awarded to make the plaintiff whole." *Bounds v. Bounds*, 935 So. 2d 407, 412 (¶18) (Miss. Ct. App. 2006). "When a party is held in contempt for violating a valid judgment of the court, then attorney's fees should be awarded to the party that has been forced to seek the court's enforcement of its own judgment." *Elliott v. Rogers*, 775 So. 2d 1285, 1290 (¶25) (Miss. Ct. App. 2000). This Court will affirm the factual findings of the chancellor in civil-contempt cases unless manifest error is present. *Strain*, 847 So. 2d at 278 (¶4).

¶15. The transcript from the June 17, 2013 hearing reflects that the chancellor held:

> Anytime an order is not followed, absent a defense of an inability to pay or otherwise in this contest, one brings himself into contempt of court for not following and obeying that order. By being behind in September of 2012 when the petition for contempt was filed in October of that [year,] . . . [David] found himself in contempt. He has cured that contempt by the payment of all attorney fees at this time. I cannot say one way or the other if he, in fact, has paid more. It appears that he may well have paid more than he was supposed to at this point in time for whatever reason, but it is clear that when this petition was filed [in] October of 2012, he was, in fact, in arrears in child support in excess of one month for the September 2012 payment.
>
> Accordingly, although he has since cured that contempt by the payment of all sums, that still triggers an award of attorney's fees. When one comes into court or is forced to come into court as a direct result of the contemptuous conduct of another, he or she is then liable for attorney's fees.

¶16. The chancellor then entered an order on June 17, 2013, finding David "in willful civil contempt of the previous order of this court for his refusal to pay amounts owed to [Joan]." The chancellor found David current on his child-support payments, but explained that David "currently owes $671.75 for past due attorney's fees." The chancellor then ordered David to pay an additional $3,125.78, and clarified that this amount constituted "attorney's fees for the necessity of the filing of this contempt." We find no error in the chancellor's award of

6

attorney's fees to Joan that she incurred in pursuing the contempt motion. *See Henderson v. Henderson*, 952 So. 2d 273, 280 (¶23) (Miss. Ct. App. 2006).

### III. Incarceration

¶17. David next asserts that the chancellor erred by placing him under arrest on June 26, 2013, for failure to pay attorney's fees assessed against him. David argues that the chancellor failed to consider David's testimony that due to child support payments and other financial obligations, he struggled to make his monthly payments towards the prior attorney's fee award. David also claims that the chancellor failed to take into account the fact that David paid Joan's attorney $333.25 each month. David maintains that the payments were not late, and thus the chancellor abused his discretion by placing David under arrest.

¶18. Our review of the chancellor's June 17, 2013 order reflects that the chancellor acknowledged David's payments of $333.25 per month towards attorney's fees, but also found that David still "currently owes $671.75 for past due attorney's fees." The chancellor ordered that David be incarcerated "until such time as the amount of $3,125.78 is paid or a substantial reduction is made at the discretion of the court." The record shows that the chancellor entered another order on June 17, 2013, finding that David "has paid $3,125.78 toward the satisfaction of the judgment against him," and ordering the sheriff's department to release David from incarceration.

¶19. Mississippi Code Annotated section 9-1-17 (Rev. 2014) provides:

> The Supreme, circuit, chancery and county courts and the Court of Appeals shall have power to fine and imprison any person guilty of contempt of the court while sitting . . . . [I]f any officer or person refuse to obey or perform any rules, order, or judgment of the court, such court shall have power to fine and imprison such officer or person . . . until the rule, order, or judgment shall be

7

complied with.

We thus find the chancellor possessed the discretion to imprison David until he complied with the chancellor's order.

¶20. Regarding David's claim that the chancellor failed to take into account David's testimony that he struggled to make his monthly payments towards the prior attorney's fee award due to child-support payments and other financial obligations, we remind David that a "defendant may avoid [a] judgment of contempt by establishing that he is without present ability to discharge his obligation. . . . If the contemnor raises this as a defense, he has the burden of proving his inability to pay, and such showing must be made with particularity and not in general terms." *Newell v. Hinton*, 556 So. 2d 1037, 1044 (Miss. 1990) (internal citations omitted).

### IV. Excessive Attorney's Fees

¶21. Last, David states that the chancellor erred in charging excessive attorney's fees against him in the amounts of $1,999.50, $3,125.78, and $1,000. David asserts that the awards were excessive, and he maintains that Joan possessed the ability to pay her own attorney's fees.

¶22. The record shows that the award of attorney's fees in the amounts of $1,999.50, $3,125.78, and $1,000 each resulted from contempt actions pursued by Joan. As stated, in contempt actions, "[a] chancellor is justified in awarding attorney's fees that are incurred in pursuing a contempt motion." *Elliott,* 775 So. 2d at 1290 (¶25). Although chancellors are instructed to apply the factors in *McKee v. McKee*, 418 So. 2d 764 (Miss. 1982), when granting or denying attorney's fees, this Court has held that "[e]stablishment of the *McKee*

8

factors is not necessary for [a] contemnee to recover attorney's fees where the contemnor has willfully violated a lawful court order." *Howard v. Howard*, 968 So. 2d 961, 979 (¶48) (Miss. Ct. App. 2007); *Mixon v. Mixon*, 724 So. 2d 956, 964 (¶29) (Miss. Ct. App. 1998). A specific finding of inability to pay is not required when attorney's fees are assessed against a party found to be in contempt. *Mount v. Mount*, 624 So. 2d 1001, 1005 (Miss. 1993); *Dickerson v. Dickerson*, 34 So. 3d 637, 649 (¶50) (Miss. Ct. App. 2010). Accordingly, this Court need not consider the factor of whether Joan possessed the ability to pay her own attorney's fees. However, the ultimate award of attorney's fees must still be within reason. *Id*.; *see Gardner v. Gardner*, 795 So. 2d 618, 619 (¶4) (Miss. Ct. App. 2001).

¶23.    In the chancellor's September 4, 2012 order finding David in willful contempt of a court order, the chancellor found that "Joan has incurred attorney's fees and expenses in the sum of $1,999.50 as a result of [David's] contempt," and awarded Joan $1,999.50 in attorney's fees. The June 17, 2013 order also found David in willful contempt of a court order, and the chancellor ordered David to pay Joan an additional $3,125.78 in attorney's fees for the necessity of filing the contempt action. The chancellor's September 25, 2013 order denying David's motion for reconsideration awarded Joan an additional $1,000 in attorney fees "for the necessity of having to notice and argue against [David's] motions." Although the transcript from the September 4, 2012 hearing does not appear in the record before us, the transcript from the June 17, 2013 hearing reflects the chancellor performed a *McKee* analysis and found "that the amount of $3,125.78 has been reasonably incurred pursuant to *McKee* . . . for the prosecution of this action." The chancellor then held "that amount is hereby awarded as . . . reasonable attorney's fees and costs for the bringing of this

9

action."

¶24.    Since the chancellor found David in willful contempt of court orders, then the record sufficiently supports the chancellor's award of attorney's fees to Joan.[1]  Additionally, David provided no evidence to support his claim that the awards of attorney's fees were excessive. As a result, we find no abuse of discretion in the chancellor's award of attorney's fees. *Smith v. Smith*, 614 So. 2d 394, 398 (Miss. 1993) ("An award of attorney['s] fees is a matter largely within the sound discretion of the chancellor.").

¶25.    **THE JUDGMENT OF THE DESOTO COUNTY CHANCERY COURT IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR.  IRVING, P.J., AND JAMES, J., CONCUR IN PART AND DISSENT IN PART WITHOUT SEPARATE WRITTEN OPINION.**

---

[1] *See Howard*, 968 So. 2d at 979 (¶¶48-50).

10