# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-02154-COA

ADELLA MARIE BRYANT JONES                                          APPELLANT

v.

JOE GARY BRYANT                                                              APPELLEE

DATE OF JUDGMENT:              11/22/2013
TRIAL JUDGE:                         HON. JAYE A. BRADLEY
COURT FROM WHICH APPEALED:    JACKSON COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:       WAYNE L. HENGEN
ATTORNEY FOR APPELLEE:        HENRY BERNARD ZUBER III
NATURE OF THE CASE:           CIVIL - DOMESTIC RELATIONS
TRIAL COURT DISPOSITION:      PETITION FOR CONTEMPT DENIED
DISPOSITION:                  AFFIRMED - 04/07/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., ISHEE  AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Adella Jones appeals the Jackson County Chancery Court's final judgment finding no willful or intentional contempt by her ex-husband, Joe Bryant, regarding the payment of Joe's military retirement benefits to Adella.  Adella claims that the chancellor erred by: (1) failing to find Joe in contempt of the property-settlement agreement included in Joe and Adella's final judgment of divorce and (2) failing to award attorney's fees to Adella.

## FACTS

¶2.     On April 3, 2001, the Jackson County Chancery Court granted Joe and Adella a divorce on the ground of irreconcilable differences.  The final judgment of divorce included

a property-settlement agreement, which provided:

> [Adella] will receive as property settlement[ ] fifty percent (50%) of [Joe's] disposable retirement from the United States Marine Corps/Army National Guard and fifty percent [50%] of [Joe's] disposable retirement from the Veterans Administration which will be paid directly to [Adella] by the United States Marine Corps/Army National Guard and the Veterans Administration.

¶3.    Joe retired from the Veterans Administration on November 1, 2008, and the military on June 30, 2010.  Joe began receiving one hundred percent of his retirement from the Marine Corps/Army National Guard, as well as one hundred percent of his retirement from the Veterans Administration.  Joe claims that he executed and turned in paperwork and applications pursuant to all military rules and regulations for his benefits and also for Adella to receive her one-half of his benefits.  Adella claims that Joe never delivered fifty percent of his retirement from either service to her; instead, he kept the full amount.

¶4.    Adella claims that she obtained applications and filed for her portion of both the Marine Corps/Army National Guard and Veterans Administration retirements in October 2010, unaware of whether or not Joe had retired.  She began receiving her portion of Joe's retirement pay from the Marine Corps/Army National Guard in January 2011, and from the Veterans Administration in May 2011.  These payments included cost-of-living adjustments.

¶5.    On September 19, 2012, Joe filed a motion for modification, seeking a recalculation of his retirement pay regarding the amount to which Adella is entitled.  Joe also asserted in the motion that Adella remarried and thus no longer possessed entitlement to a survivor annuity from Joe.  On October 29, 2012, Adella filed a motion to dismiss, a response to the motion for modification, and a counterclaim, asking the chancellor to find Joe in contempt

for intentionally "fail[ing] and refus[ing]" to deliver to her the portion of his retirement to which she was entitled. Adella also requested attorney's fees. On March 12, 2013, Joe filed an amended motion for modification and contempt. Adella filed her motion to dismiss, response to the amended motion for modification and contempt, and counterclaim on March 26, 2013.

¶6. At a trial held July 1, 2013, Joe argued that the original property-settlement agreement concerning military benefits violated federal law. Joe also asserted that his retirement benefits, and the percentage provided to Adella via the property-settlement agreement, constituted a "property settlement," and therefore the amount should have been calculated at the time of the divorce judgment. The chancellor entered an order granting Adella's motion to dismiss, stating that "after reviewing the property settlement agreement, . . . the provisions regarding military retirement are clear and unambiguous and should not be modified." The chancellor also entered a final judgment on August 8, 2013, providing that "the property settlement agreement requires Adella's portion of the retirement to be paid by the United States Marine Corps/Army National Guard and the Veterans Administration rather than by Joe," and as a result, "Joe is not in willful and contumacious contempt of the agreement." Despite finding no contempt by Joe, the chancellor found that Adella "is entitled to a judgment for her one-half of the retirement," and awarded Adella a monetary judgment of $46,433 for her one-half portions of the Veterans Administration and Marine Corps/Army National Guard retirements.

¶7. On August 16, 2013, Adella filed a motion to alter or amend, upon which the

3

chancellor heard arguments from the parties on November 22, 2013. After the hearing, the chancellor entered her order partially granting the motion to alter or amend, amending the final judgment to correct a typographical error and reflect a different judgment amount as well as to include post-judgment interest. The chancellor denied Adella's request that Joe be held in contempt of the judgment of divorce and also denied her request for attorney's fees.

¶8. Adella now appeals the August 8, 2013 final judgment and also the November 22, 2013 order partially granting the motion to alter and amend; specifically, the chancellor's finding of no contempt by Joe and the denial of attorney's fees.

## STANDARD OF REVIEW

¶9. "A chancellor's findings will not be disturbed when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong or clearly erroneous, or applied an erroneous legal standard." *Faerber v. Faerber*, 150 So. 3d 1000, 1005 (¶11) (Miss. Ct. App. 2014).

¶10. The Mississippi Supreme Court has established that "[a] citation for contempt is determined upon the facts of each case and is a matter for the trier of fact." *Milam v. Milam*, 509 So. 2d 864, 866 (Miss. 1987). A citation for contempt is proper where a party "has willfully and deliberately ignored the order of the court." *Strain v. Strain*, 847 So. 2d 276, 278 (¶4) (Miss. Ct. App. 2003). This Court will affirm the factual findings of the chancellor in civil contempt cases unless manifest error is present. *Id*. "Contempt matters are committed to the sound discretion of the trial court, and we will not reverse where the

4

chancellor's findings are supported by substantial credible evidence." *Id*.

## DISCUSSION

¶11. Adella argues that the chancellor erred in failing to hold Joe in willful and contumacious contempt of the property-settlement agreement included in the final judgment of divorce. She asserts that Joe failed to show that he possessed a genuine inability to pay the retirement benefits as ordered by the chancellor. Adella also argues that she is entitled to an award of attorney's fees due to Joe's contempt.

¶12. Joe argues that the property-settlement agreement, as ultimately found by the chancellor, was clear and unambiguous, requiring that the benefits "would be paid directly to the wife by the United States Marine Corps/Army National Guard and Veterans Administration." Joe maintains that he did everything required of him to ensure payment of his retirements benefits, and he claims that Adella failed to assert her rights to the benefits until years later. Joe argues that Adella possessed the affirmative obligation to turn in her application within one year from the date of divorce, and she failed to fulfill this obligation until years later.

¶13. We recognize that a citation for contempt is proper where a party "has willfully and deliberately ignored the order of the court." *Strain*, 847 So. 2d at 278 (¶4). "In contempt actions, attorney's fees are awarded to make the plaintiff whole." *Bounds v. Bounds*, 935 So. 2d 407, 412 (¶18) (Miss. Ct. App. 2006). "When a party is held in contempt for violating a valid judgment of the court, then attorney's fees should be awarded to the party that has been forced to seek the court's enforcement of its own judgment." *Elliott v. Rogers*, 775 So. 2d

1285, 1290 (¶25) (Miss. Ct. App. 2000). "In civil contempt actions, the trial court's findings are affirmed unless there is manifest error." *Riley v. Wiggins*, 908 So. 2d 893, 897 (¶7) (Miss. Ct. App. 2005).

¶14. The property-settlement agreement before us provided:

> [Adella] will receive as property settlement[ ] fifty percent (50%) of [Joe's] disposable retirement from the United States Marine Corps/Army National Guard and fifty percent [50%] of [Joe's] disposable retirement from the Veterans Administration *which will be paid directly to [Adella] by the United States Marine Corps/Army National Guard and the Veterans Administration*.

(Emphasis added).

¶15. In the July 2, 2013 order granting Adella's motion to dismiss, the chancellor found that "after reviewing the property settlement agreement, . . . the provisions regarding military retirement are clear and unambiguous and should not be modified." The chancellor later entered a final judgment on August 8, 2013, further holding that "the property settlement agreement requires Adella's portion of the retirement to be paid by the United States Marine Corps/Army National Guard and the Veterans Administration rather than by Joe," and as a result, "Joe is not in willful and contumacious contempt of the agreement." We find Adella presented no evidence to support her claims that Joe willfully or intentionally violated any court order. The record reflects that the plain language of the property-settlement agreement in this case provides that Adella's portion of Joe's military retirement pay would be paid directly to her by the Marine Corps/Army National Guard and Veterans Administration.

¶16. The Uniformed Services Former Spouses' Protection Act (USFSPA) provides former spouses, who are awarded a portion of military retirement pay in a divorce, with "a

6

mechanism to enforce retired pay as property award by direct payments from the member's retired pay." *See* Defense Finance and Accounting Service, Frequently Asked Questions, www.dfas.mil/garnishment/usfspa/faqs.html; 10 U.S.C. § 1408 (2012).[1] The former spouse must complete and provide the required applications, relevant court order, and supporting documentation, as required by statute and regulations, to the designated Defense Finance and

---

[1] 10 U.S.C. § 1408(d) provides:

Payments by Secretary concerned to (or for benefit of) spouse or former spouse.--(1) After effective service on the Secretary concerned of a court order providing for the payment of child support or alimony or, with respect to a division of property, specifically providing for the payment of an amount of the disposable retired pay from a member to the spouse or a former spouse of the member, the Secretary shall make payments (subject to the limitations of this section) from the disposable retired pay of the member to the spouse or former spouse (or for the benefit of such spouse or former spouse to a State disbursement unit established pursuant to section 454B of the Social Security Act or other public payee designated by a State, in accordance with part D of title IV of the Social Security Act, as directed by court order, or as otherwise directed in accordance with such part D) in an amount sufficient to satisfy the amount of child support and alimony set forth in the court order and, with respect to a division of property, in the amount of disposable retired pay specifically provided for in the court order. In the case of a spouse or former spouse who, pursuant to section 408(a)(3) of the Social Security Act (42 U.S.C. 608(a)(4)), assigns to a State the rights of the spouse or former spouse to receive support, the Secretary concerned may make the child support payments referred to in the preceding sentence to that State in amounts consistent with that assignment of rights. In the case of a member entitled to receive retired pay on the date of the effective service of the court order, such payments shall begin not later than 90 days after the date of effective service. In the case of a member not entitled to receive retired pay on the date of the effective service of the court order, such payments shall begin not later than 90 days after the date on which the member first becomes entitled to receive retired pay.

Accounting Service, and the language in the property award must also comply.[2]

¶17.    After our review of the record, we find substantial evidence exists in the record to support the chancellor's final judgment determining Joe was not in willful and contumacious contempt of the property-settlement agreement or any other court order.  Accordingly, we also find no error in the chancellor's denial of attorney's fees to Adella.  *See Henderson v. Henderson*, 952 So. 2d 273, 280 (¶23) (Miss. Ct. App. 2006).

¶18.    **THE JUDGMENT OF THE JACKSON COUNTY CHANCERY COURT IS AFFIRMED.    ALL   COSTS   OF   THIS   APPEAL   ARE   ASSESSED   TO   THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**

---

[2] *See* Dep't of Def. Fin. Mgmt. Reg. 7000.14–R, vol. 7B, ch. 29, para. 2901 (Feb. 2009) (application process).