MAXWELL, JUSTICE,
FOR THE COURT:
¶1. For this Court to consider an issue, a party must first present his or her claimed error to the court below. When a party fails to do so, he or she is barred from raising that issue on appeal. In this appeal, the appellant claims the chancellor committed error by awarding a child-support judgment to her son—a nonparty. Because this lone appellate issue was never raised in chancery court during trial or in post-trial motions, it is not properly before this Court and is barred from our review. We thus affirm.
Background Facts and Procedural History
¶2. Andrea and Thomas were divorced on September 5, 2003.[1] The couple had *421 incorporated a property-settlement agreement into their divorce decree. But despite their divorce, they continued to cohabit for another decade. Eventually, the relationship again deteriorated, and they finally separated in May 2013. Not long after their separation, Thomas filed a motion for contempt against Andrea for not paying college tuition' and related expenses for their older son—Austin.[2] Thomas argued the property-settlement agreement incorporated in their divorce included college tuition and expenses. And Andrea had failed to pay these costs. Before separating, the couple did contribute to Austin’s living and college expenses—but the bulk was paid by loans. Austin, was enrolled in Delta State’s commercial aviation program and had accumulated at the time more than $70,000 in student-loan debt.[3]
¶3. Andrea claimed the property settlement did not include college tuition and expenses, and that Austin was aware those costs were his responsibility.[4] During a November 26, 2014, hearing, the parties presented this issue to the court... The chancellor determined the property-settlement agreement did include college tuition and .the .related -expenses. And Austin was entitled to this support from both Thomas and Andrea until he became legally emancipated in August 2013.[5]
¶4. The chancellor calculated Austin’s student-loan debt up to the point of emancipation—arriving at a total of $61,136. Because he found Thomas and Andrea were equally responsible for tuition and expenses, each party was held responsible for $30,568. The chancellor entered a judgment for Austin but delayed its execution until the loan came due and payable. He held neither party in contempt for failing to pay Austin’s tuition and expenses.
¶5. Andrea now appeals, raising one issue. She claims that, because Austin was not a party, the chancellor erred by granting an award to him.
Discussion
¶6. “It is a long-established rule in this state that a question not raised in the trial court will not be considered on appeal.” Adams v. Bd. of Supervisors of Union Cty., 177 Miss. 403, 170 So. 684, 685 (1936) (citations omitted); see also Pierce v. Pierce, 132 So.3d 553, 567 (¶ 37) (Miss.2014) (citing McNeese v. McNeese, 119 So.3d 264, 267 (Miss.2013)); In re Adoption of Minor Child, 931 So.2d 566, 579 (¶ 36) (Miss.2006) (citing Chantey Music Pub., Inc. v. Malaco, Inc., 915 So.2d 1052, 1060 (Miss.2005)); and Burnham v. Burnham, 185 So.3d 358, 361 (¶ 10) (Miss.2015) (citing Mills v. Nichols, 467 So.2d 924, 931 (Miss.1985)). Here, neither party challenged or objected to proceeding on Austin’s tuition and school expenses, or to the chancellor’s interpreting the .underlying property-settlement agreement from the couple’s 2003 divorce. Furthermore, after confronting the tuition and. expenses issue, Andrea’s attorney asked several questions about the *422 chancellor’s decision and allocation of the judgment. He even offered to prepare the order from which Andrea appeals. So both parties acquiesced in the manner in.which the chancellor decided this matter. Because Andrea neither challenged nor objected to the chancellor’s authority to grant an award to her son at trial or. in post-trial motions, this issue is forfeited and barred from our appellate review.
¶7. AFFIRMED.
WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, COLEMAN AND BEAM, JJ., CONCUR. RANDOLPH, P.J., CONCURS IN PART AND IN . RESULT WITHOUT SEPARATE WRITTEN OPINION. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY RANDOLPH, P. J.

. The Final Decree of Divorce was entered September S, 2003, nunc pro tunc to March 15, 2003.

. This motion for contempt evidently was filed separately, but it was consolidated with custody litigation concerning the couple’s younger son.

. Andrea completed the student-loan paperwork and listed Austin and Thomas as being responsible for repayment.

. Andrea also argued that the relationship between her and Austin had deteriorated so significantly that he could not legally be enti-tied to support. See Hambrick v. Prestwood, 382 So.2d 474, 477-78 (Miss.1980).

.The chancellor found Austin became emancipated when he cohabited with his girlfriend without Andrea’s approval. See Miss. Code Ann. § 93-1 l-65(8)(b)(iii) (Rev. 2013) (child-support obligations cease when the child cohabits with another person without the approval of the parent obligated to pay child support).