# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00956-COA

IN THE MATTER OF THE ESTATE OF                  APPELLANT
LAUREE M. DAVIS, DECEASED: ALVIN
PEYTON

v.

JOHN LONGO AND JANET PEYTON                  APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 06/06/2019 |
| TRIAL JUDGE: | HON. GERALD MARION MARTIN |
| COURT FROM WHICH APPEALED: | LAWRENCE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | HOWARD BROWN |
| ATTORNEY FOR APPELLEES: | JOHN D. SUTTON |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | AFFIRMED - 04/13/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.     In November 2015, Lauree Davis's will was admitted for probate in common form. More than three years later, in December 2018, Alvin Peyton ("Alvin") filed a "Response and Notice of Claim." In March 2019, John Longo—the executor of the estate—filed a "Petition to Approve First and Final Accounting, to Strike Filed Claims, and to Discharge Executor." Alvin filed an objection to Longo's petition, and the court denied his request for relief.

¶2.     On appeal, Alvin claims that he should have been joined in the probate action as a necessary party and suggests that Longo's failure to give notice constituted concealed fraud. He also claims that Longo should be removed as executor and that Longo's attorney should

be disqualified.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3.     In September 2015, Lauree Davis died, leaving a will dated December 2001.  In the will, Longo was named as the executor and the sole beneficiary of Davis's estate. Approximately one month after Davis's death, on October 22, 2015, Longo petitioned the chancery court to admit the will to probate in common form and for the issuance of letters testamentary.  On November 6, 2015, the court entered an order to that effect.

¶4.     On October 29, 2018, Longo filed an affidavit and a notice to creditors.  In the affidavit, Longo stated that he had made "diligent efforts and inquiries to identify any and all persons having claims against [Davis's estate]," and "there appear[ed] to be no claims against the estate."  Additionally, the notice to creditors stated that all persons having claims against Davis's estate must present said claims within 90 days from the first publication of the notice.  The notice to creditors was published in The Lawrence County Press on October 31, 2018, November 7, 2018, and November 14, 2018.

¶5.     Janet Peyton ("Janet") filed a claim against Davis's estate in the amount of $1,554 for yard maintenance.  Alvin filed a "Response and Notice of Claim" on December 4, 2018. Alvin asserted that he and/or his daughters were named as the beneficiaries of Davis's estate with no explanation why, but that they "intend[ed] to further assert that claim."

¶6.     On March 21, 2019, Longo filed a "Petition to Approve First and Final Accounting, to Strike Filed Claims, and to Discharge Executor."  Longo asserted that Janet's and Alvin's claims were barred by the applicable statute of limitations.  Alvin then filed a response to

2

Longo's petition. Alvin claimed that in 1995, Davis executed a will naming him as executor and his three daughters as the sole beneficiaries. Alvin attached the 1995 will to his response and disputed the validity of the 2001 will, which named Longo as the sole beneficiary.

¶7. In his response, Alvin discussed a different cause of action filed in the chancery court. Alvin asserted that in November 2004, Davis conveyed over eighty acres of land to Longo and that Longo petitioned the court to appoint himself as Davis's conservator.[1] In January 2005, Alvin petitioned the court in that case to remove Longo as conservator and set aside the alleged fraudulent conveyance of the over eighty acres. The court found in that case that Alvin lacked standing. Alvin appealed. This Court reversed and remanded for further proceedings.[2] After this Court reversed and remanded, Alvin moved to disqualify Longo's attorney, and according to Alvin, the court directed Longo to obtain new counsel in that conservatorship/allegedly fraudulent conveyance case.

¶8. In his response in the present case, Alvin further stated that his "efforts to have the . . . fraudulent conveyance set aside [were] ongoing." Alvin asserted that Davis's estate should remain open, Longo should be removed as executor, and Longo's attorney should be disqualified from the present case as well.

¶9. At a hearing in May 2019, the court held that Janet's claim was barred by the statute of limitations. Alvin's attorney admitted that Alvin had not attempted to probate the 1995

---

[1] A physician's report dated November 24, 2004, opined that "by reason of physical conditions and mental weakness, Lauree Davis [was] incapable of managing her own affairs or estate."

[2] *In re Conservatorship of Davis*, 954 So. 2d 521 (Miss. Ct. App. 2007).

will, had not filed a caveat against probate of the 2001 will, and had not filed a monetary claim against the estate.

¶10. In May 2019, the court denied Alvin's request for relief. The court noted that the 2001 will was accepted for probate on November 4, 2015, and Alvin's objection was not filed until May 2, 2019—well over the two-year period to contest a will probated in common form. The court found that neither Alvin nor his daughters met any of the exceptions to the two-year statute of limitations under Mississippi Code Annotated section 91-7-23 (Rev. 2018). The court further noted that the proceeding to set aside the alleged fraudulent conveyance of land was a different proceeding in which Longo's attorney would likely be called as a fact witness. The court held that there was insufficient evidence that Longo's attorney should be removed from the present case.

¶11. In June 2019, the court entered its "Final Judgment Approving First and Final Accounting, Striking Filed Claims, and Discharging Executor." The court reiterated that Janet and Alvin's claims were barred by the statute of limitations, and the court granted Longo the authority to distribute the real and personal property of the estate and then be discharged as executor.

¶12. On appeal, Alvin claims that he should have been joined as a necessary party and suggests that Longo's failure to give notice constituted concealed fraud. He also claims that Longo should be removed as executor and that Longo's attorney should be disqualified.

## STANDARD OF REVIEW

¶13. This Court will not disturb a chancellor's factual findings "unless the findings were

manifestly wrong or clearly erroneous or the chancellor applied an erroneous legal standard." *Estate of Labasse v. Labasse*, 242 So. 3d 167, 170 (¶9) (Miss. Ct. App. 2017) (citing *Turnage v. Brooks*, 213 So. 3d 103, 105 (¶2) (Miss. Ct. App. 2016)). However, questions of law are reviewed de novo. *Id*.

## DISCUSSION

### I. Whether Alvin should have been joined as a necessary party, and whether Longo's actions constituted concealed fraud.

¶14. Alvin claims that he should have been joined to the probate action as a necessary party and that Longo's actions constituted fraud. According to Alvin, Longo knew about Davis's 1995 will but failed to inform the court about Alvin's interest and concealed the probate of the 2001 will.

¶15. "Under Mississippi law, there are two different types of probate proceedings: common form and solemn form." *In re Estate of Kelly*, 951 So. 2d 543, 547 (¶13) (Miss. 2007). In solemn-form probate proceedings, "the proponent [of the will] makes all interested persons parties to his or her petition for probate. All such persons are given legal notice of the probate proceeding and an opportunity to oppose probate if they desire to do so." Robert A. Weems, Mississippi Practice Series: Wills & Admin. of Estates in Miss., § 7:5, Westlaw (database updated Jan. 2021). In common-form probate proceedings, "[t]he only parties are the petitioner and those who join in the petition. No one is given legal notice of the probate." *Id*. In common-form probate proceedings, any "[i]nterested parties may contest the will at any time within two years after probate." *Id*. Mississippi Code Annotated section 91-7-23 provides:

Any person interested may, at any time within two years, by petition or bill, contest the validity of the will probated without notice; and an issue shall be made up and tried as other issues to determine whether the writing produced be the will of the testator or not. If some person does not appear within two years to contest the will, the probate shall be final and forever binding, saving to infants and persons of unsound mind the period of two years to contest the will after the removal of their respective disabilities. In case of concealed fraud, the limitation shall commence to run at, and not before, the time when such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Miss. Code Ann. § 91-7-23. "Since the will [in this case] was admitted to probate in common form, the only duties were to notify the parties named in the will (as they take under the will) and give 90 day notice to creditors, both of which were done." *In re Estate of Mathis*, 800 So. 2d 119, 123-24 (¶17) (Miss. Ct. App. 2001) (quoting *Williams v. Estate of Winding*, 783 So. 2d 707, 711 (¶14) (Miss. 2001)).

¶16.    In support of his claim that he should have been joined to the probate action, Alvin cites to *In re Estate of McClerkin*, 651 So. 2d 1052 (Miss. 1995). In *McClerkin*, the executor filed a petition to probate the will in solemn form; however, the petition did not name the beneficiaries as interested parties. *Id*. Subsequently, the contestants filed a Caveat Against Probate in Solemn Form. *Id*. at 1054. Our supreme court held that the chancery court did not have jurisdiction to hear the case because the necessary and proper parties were not before the court. *Id*. at 1058. The supreme court held that the executor failed to properly designate the beneficiaries as necessary parties from the beginning, and the chancellor should have joined all necessary and proper parties before exercising jurisdiction. *Id*. at 1059.

¶17.    This case is distinguishable from *McClerkin*. In *McClerkin*, the contestants filed a caveat against probate in solemn form. *Id*. at 1053. Here, Davis's will was probated in

6

common form, and Alvin did not file a caveat or contest the will within the applicable two-year period. Finally, Longo—the only beneficiary named in the 2001 will—had notice of the probate proceedings since he initiated them.

¶18. Alvin also cites to *Estate of Schneider*, 585 So. 2d 1275 (Miss. 1991), in support of his claim. In *Schneider*, our supreme court "reversed and remanded a will contest case in which the chancery court had dismissed the action for failure to join necessary parties within the two-year period of admission of the challenged will to probate." *Brown v. Winn-Dixie Montgomery Inc*., 669 So. 2d 92, 96 (Miss. 1996). Our supreme court held that "the filing of the complaint tolled the statute of limitations and that the court should have joined the parties and issued process accordingly." *Id*. Again, this case is distinguishable. As stated, Alvin failed to file a caveat or contest the will within the applicable two-year period.

¶19. Indeed, there are exceptions to the two-year statute of limitations. Among those excepted are minors and persons of unsound mind. *See* Miss. Code Ann. § 91-7-23. There is also an exception for instances of concealed fraud. *Id*. Alvin claims that Longo's actions constituted concealed fraud.

¶20. This case is similar to *In re Last Will and Testament of Winding v. Estate of Winding*, 783 So. 2d 707 (Miss. 2001). In *Winding*, a copy of the decedent's 1991 will was offered for probate in common form. *Id.* at 708 (¶3). A decree admitting the will was entered on October 20, 1995. *Id*. Additionally, an executrix was appointed and 90-day notice to creditors was given. *Id*. In July 1999, Bobbie Williams filed a petition for will contest to set aside the probated will. *Id*. at (¶5). Williams claimed, among other things, that she was

7

intentionally misled concerning the probate process in order to keep her from receiving her rightful share. *Id*. at (¶1). Subsequently, the estate filed a motion to dismiss for failure to timely file a will contest under section 91-7-23. *Id*. at (¶2). After a hearing, the chancellor granted the motion and dismissed the will contest. *Id*. at (¶5). On appeal, Williams claimed that the lack of notice as well as "fraudulent" representations tolled the two-year statute of limitations. *Id*. at 709 (¶7). In affirming the chancellor's decision, our supreme court noted, "Williams knew from almost the moment the will was offered for probate that neither she nor her father were included under the estate. Even assuming that the executrix and the estate attorney led Williams to believe her rights were being protected . . . they never hid the probate from her." *Id*. at 710 (¶13). And "[a]s for Williams's allegation that she was required to be notified of the probate proceedings, no such notice requirement exists." *Id*. at 710-11 (¶14).

¶21.     Alvin attempts to distinguish this case from *Winding*. He argues that Longo never notified him of the probate proceedings, and unlike the *Winding* case, he was not "aware of the state of affairs." However, Longo referenced Davis's 2001 will in a prior appeal to this Court. *In re Conservatorship of Davis*, 954 So. 2d 521, 525-26 (¶18) (Miss. Ct. App. 2007). Therefore, Alvin had been aware of the 2001 will at the time of the prior appeal in the other proceeding.[3] Although he may not have been aware that probate proceedings had been initiated, our supreme court has held that "the rule of concealed fraud cannot apply to matters of public record." *O'Neal Steel Inc. v. Millette*, 797 So. 2d 869, 875 (¶22) (Miss. 2001)

---

[3] This Court's opinion in that appeal was dated April 17, 2007.

(citing *McMahon v. McMahon*, 247 Miss. 822, 157 So. 2d 494, 500 (1963)).

¶22. As discussed, "[s]ince the will was admitted to probate in common form, the only duties were to notify the parties named in the will . . . and give 90 day notice to creditors, both of which were done." *Winding*, 783 So. 2d at 711 (¶14). "Anyone else is not a party to a common form probate, unless they petition for will contest within the statutorily prescribed time limit." *Id*. (citing Miss. Code Ann. § 91-7-23 (Rev. 1994)). Alvin did not. For these reasons, this issue is without merit.

## II. Whether Longo should be removed as executor.

¶23. Alvin claims that Longo should be removed as the executor of Davis's estate. In support of his argument, Alvin cites to Mississippi Code Annotated section 91-7-293 (Rev. 2018), which provides:

> The executor or administrator shall file with his final account a written statement, under oath, of the names of the heirs or devisees and legatees of the estate, so far as known, specifying particularly which, if any, are under the age of twenty-one years, of unsound mind, or convict of felony; the places of residence of each and their post-office address if they be nonresidents or, if the post-office address be unknown, the statement must aver that diligent inquiry has been made to learn the same without avail and giving the names and places of residence of the guardians of all who have guardians, so far as known.

Miss. Code Ann. § 91-7-293. According to Alvin, the sworn statement filed by Longo did not aver that he made a "diligent inquiry" to ascertain the information contained in the statute.

¶24. However, the statue states that the executor "shall file with his final account a written statement, under oath, of the names of the heirs or devisees and legatees of the estate, so far as known . . . ." *Id*. During the hearing, the chancellor stated:

9

> [A]s I sit here today I do not know who the heirs at law of Lauree Davis are. It's my understanding that Ms. Davis is a widow and that she had no children . . . . I don't know who her sisters are, her brothers are, her parents are. I'm guessing there's a significant possibility - - certainly her parents are deceased and if she had siblings that they very may well be deceased. Again, this is a common form probate proceeding and one of the reasons that it's available, I don't think anybody knows who the heirs at law of Lauree Davis are and I can't fathom a circumstance where [Alvin] would be in a position better or above that of an heir at law.

The statute provides that to the extent that any heirs, legatees, or devisees are known, then the statement must specify their addresses. *Id.* If the addresses are unknown, "the statement must aver that diligent inquiry has been made to learn the same." *Id.* Because it does not appear that there were any known heirs, legatees, or devisees besides Longo, Longo was not required by statute to make a diligent inquiry to learn addresses. The only beneficiary named in the will was Longo. Furthermore, Longo noted in his Petition to Approve First and Final Accounting, that Alvin and/or his daughters had filed a claim against the estate. However, that did not make them heirs, legatees, or devisees. As such, the statute does not apply here, and this claim lacks merit.

### III. Whether Longo's attorney should be disqualified.

¶25. Finally, Alvin suggests that if this case is reversed, then Longo's attorney should be disqualified. Alvin suggests that Longo's attorney should be disqualified because he was removed in the alleged fraudulent conveyance case. The chancellor noted that Longo's attorney had been removed from the earlier case because he would likely be called as a fact witness; however, the court held that there were no such restrictions on the attorney in this case as it was uncontested. We find no abuse of discretion with the chancellor's ruling.

10

Furthermore, because we do not reverse this case for a will contest, we do not reach this issue.

## CONCLUSION

¶26.    After review, we find that the chancellor did not err by denying relief to Alvin. His claim was barred by the applicable statute of limitations, he failed to meet the statutory exception for instances of concealed fraud, and his other assignments of error are without merit.

¶27.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**