# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CA-01082-SCT

*BROADBAND VOICE, LLC d/b/a*
*FUSE.CLOUD, LLC*

*v.*

*JEFFERSON COUNTY, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/23/2021 |
| TRIAL JUDGE: | HON. TOMIKA HARRIS IRVING |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT L. GIBBS |
| ATTORNEY FOR APPELLEE: | NICKITA SHANTA BANKS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 09/29/2022 |

**BEFORE RANDOLPH, C.J., COLEMAN AND CHAMBERLIN, JJ.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Broadband Voice, LLC, d/b/a Fuse.Cloud, LLC (Fuse), appeals the Jefferson County Circuit Court's dismissal of its complaint with prejudice. Fuse argues that it is entitled to $116,984.02 in early-termination fees from the four contracts it had with Jefferson County (the County). Fuse also argues that the trial court erred, *inter alia*, by denying its motion for judgment on the pleadings.

## FACTUAL AND PROCEDURAL HISTORY

¶2.     Between February 4 and July 3, 2019, Fuse entered into four contracts with the County for telephone and internet installation and services. The contracts were signed by James Wells, president of the 2019 board of supervisors. Each of the contracts was for a

three-year term and included early-termination clauses and a thirty-day notice-of-termination requirement.

¶3.     In January 2020, an entirely new board of supervisors took office. The County notified Fuse on November 3, 2020, that it would be terminating the contracts entered into by the 2019 board of supervisors. The termination was to take effect on November 16, 2020.

¶4.     On November 6, 2020, Fuse notified the new board of supervisors that an early-termination fee of $116,984.02 would be imposed if the County terminated the contracts. Fuse subsequently disconnected the County's service before the November 16, 2020 termination date.

¶5.     On December 15, 2020, Fuse filed a complaint with the Jefferson County Circuit Court, alleging that the County breached the contract that Fuse had entered into with the prior board of supervisors. On January 25, 2021, the County filed its answer, denying that it had breached the contract.

¶6.     On February 24, 2021, Fuse filed a motion for judgment on the pleadings. The County responded on August 2, 2021.

¶7.     On August 9, 2021, the trial court heard arguments on Fuse's motion and ultimately denied it. On August 23, 2021, the circuit court dismissed Fuse's complaint with prejudice, finding that there were no triable issues.

¶8.     Fuse timely filed a notice of appeal on September 20, 2021.

## STATEMENT OF THE ISSUES

2

¶9.    Fuse raises five issues in its brief. But the decisive issue is whether Mississippi law on successor boards prevents Fuse from enforcing the early-termination clauses in its contracts with the County.

## STANDARD OF REVIEW

¶10.    A motion for judgment on the pleadings under Mississippi Rule of Civil Procedure 12(c) raises an issue of law, thus the standard of review this Court applies is de novo. *R.J. Reynolds Tobacco Co. v. King*, 921 So. 2d 268, 270 (Miss. 2005).

> On a Rule 12(c) motion, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond any reasonable doubt that the non-moving party will be unable to prove any set of facts in support of the claim which would entitle the non-movant to relief.

*Id.* at 271 (citing *Bridges v. Park Place Ent.*, 860 So. 2d 811, 813 (Miss. 2003)).

¶11.    "When considering a motion to dismiss, this Court's standard of review is de novo." *Mitchell v. Progressive Ins. Co.*, 965 So. 2d 679, 682 (Miss. 2007) (quoting *Scaggs v. GPCH-GP, Inc.*, 931 So. 2d 1274, 1275 (Miss. 2006)).

## DISCUSSION

**I.    Whether Mississippi law on successor boards prevents Fuse from enforcing the early-termination clauses in its contracts with the County.**

¶12.    This Court repeatedly has applied the rule against binding successor boards *to void all types of agreements*, even when that board or municipality had statutory authority to lease or contract but did not have statutory authority to bind successors. *Ne. Mental Health-Mental Retardation Comm'n v. Cleveland*, 187 So. 3d 601, 605 (Miss. 2016). As

3

recognized by the trial court, "[u]nder the common law in Mississippi, governing bodies, whether they be elected or appointed, may not bind their successors in office by contract, unless expressly authorized by law, because to do so would take away the discretionary rights and powers conferred by law upon successor governing bodies." *Id.* at 604.

¶13. Fuse concedes that there is a long-standing rule in Mississippi that predecessor boards generally cannot bind a successor board. And Fuse accepts the County's ability to terminate the contract. Fuse argues, however, that the early-termination fee was due before the contract was voided. According to Fuse, the November 3, 2020 notice sent by the County setting November 16, 2020, as the termination date made the early-termination fee due immediately. And since the contract would not become void until that November 16, 2020 date, Fuse argues that there was a thirteen-day window in which the early-termination fee was due and the contract was still valid, despite the fact that Fuse unilaterally terminated the County's services before November 16.

¶14. Fuse's arguments are unpersuasive. The plain language of the contract states that "if the customer terminates prior to the expiration of the term . . . Fuse will charge the remaining service fees due . . . immediately." The termination fee would not be effective until the contract was terminated on November 16, 2020. The November 3, 2020 date that Fuse refers to is merely the date of notice of termination and not the date of the termination itself. The County was current on all of its payments to Fuse and paid through the November 16, 2020 termination date, despite Fuse's disabling the County's service before that date. The only fee in dispute is the one that arose upon termination. And once County terminated the contracts

4

with Fuse, it voided the entirety of those contracts, including the early-termination-fee provision. *See Cleveland*, 187 So. 3d at 605. The early-termination-fee provision was negotiated by the prior board, and that prior board cannot limit the ability of a subsequent board to terminate that provision or any other provision of the four contracts. *Id.* Therefore, the early-termination fee was not enforceable.

## II    Fuse's Claims for Unjust Enrichment and Quantum Meruit

¶15.    Fuse next argues that the County would be unjustly enriched were it not required to pay the early-termination fees. But Fuse failed to raise these issues at any time prior to this appeal. In its complaint, Fuse asserted a claim for breach of contract and for damages "for County's breach of the above referenced contracts and any additional relief which this court may deem appropriate." Fuse did not present any argument in its claim that the County was unjustly enriched and that it should pay under a theory of unjust enrichment or *quantum meruit*.

¶16.    Generally, "a question not raised in the trial court will not be considered on appeal." *Taylor v. Taylor*, 201 So. 3d 420, 421 (Miss. 2016) (internal quotation mark omitted) (quoting *Adams v. Bd. of Supervisors of Union Cnty.*, 177 Miss. 403, 170 So. 684, 685 (1936)). Here, Fuse is asking this Court to reverse the trial court's judgment based on claims that were not part of the pleadings. Such a request "would have the chilling effect of depriving the trial court of the opportunity to first rule on the issue, which would then deprive this Court of the opportunity to perform our mandated appellate review by utilizing the appropriate standard of review of the trial court's ruling." *Waters v. Gnemi*, 907 So. 2d 307,

324 (Miss. 2005). Therefore, we decline to review Fuse's unjust enrichment and *quantum meruit* claims on appeal.

## CONCLUSION

¶17.     Because the early-termination provision in Fuse's contract with the County was unenforceable, the trial court did not err by denying Fuse's motion for judgment on the pleadings or by dismissing Fuse's complaint with prejudice.

¶18.     **AFFIRMED.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**