951 So.2d 594 (2007)
Annette McKNIGHT, Appellant
v.
Richard McKNIGHT, Appellee.
No. 2005-CA-02316-COA.
Court of Appeals of Mississippi.
March 6, 2007.
*595 Leigh A. Rutherford, Hernando, attorney for appellant.
James McClure, Sardis, attorney for appellee.
Before LEE, P.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Annette and Richard McKnight divorced in October 2005 on the ground of irreconcilable differences. The parties submitted the division of marital assets to the Chancery Court of Tate County, but Annette, aggrieved by the court's division of the assets, now appeals. Finding no error, we affirm.

FACTS
¶ 2. Annette and Richard were married June 14, 1980, in Shelby County, Tennessee. The parties have one child, Lee Richard McKnight, who was twenty-one years of age when this matter was heard. The parties divorced on the ground of irreconcilable differences and submitted the division of marital assets to the Chancery Court of Tate County.
¶ 3. The court split the household items up between the two parties. Annette and Richard both kept their respective vehicles and each party was given a 4-wheeler. The court ruled that the marital home was valued at $182,500, a figure that was derived from averaging the appraised values submitted by the parties. The court stated that the marital home was primarily purchased with proceeds from Richard's pension and granted the home and acreage to him. Annette was granted an equitable lien against the property in the amount of $75,000. Annette was granted all interests in a separate home in which she resided along with the equity of $14,500 and all debt against the home. Escrow proceeds from the residence, which was $16,197.51, and cash in the amount of $9,500 were awarded to Annette. Furthermore, Annette was granted $5,000 from a savings account and was also ordered to assume payment for credit card debt that was in her name. Richard was ordered to pay lump sum alimony in the amount of $500 per month for twenty-four months. He was granted all of his monthly retirement and the proceeds from the sale of the cattle. Each party paid for his or her attorney.
¶ 4. Aggrieved by the decision, Annette appeals and asserts the following issues for this Court's review: (1) whether the chancellor was manifestly in error in the value placed on the real estate of the marital home, (2) whether the chancellor was manifestly in error in refusing to grant to Annette an interest in the retirement funds of Richard, and (3) whether the chancellor was manifestly in error in the amounts awarded to Annette for equitable distribution of the parties' property.

STANDARD OF REVIEW
¶ 5. This Court's standard of review regarding domestic relations matters is a *596 limited one. A & L, Inc. v. Grantham, 747 So.2d 832, 838(¶ 18) (Miss.1999). We will not disturb the findings of a chancellor "unless manifestly wrong, clearly erroneous, or if the chancellor applied the wrong legal standard." Id.
ISSUES AND ANALYSIS
I. Whether the chancellor was manifestly in error in the value placed on the real estate of the marital home.
II. Whether the chancellor was manifestly in error in refusing to grant to Annette an interest in Richard's retirement funds.
III. Whether the chancellor was manifestly in error in the amounts awarded to Annette for equitable distribution of the parties' property.
¶ 6. Due to the similarity of these issues, we will discuss them together. "Marital property is defined as any and all property acquired during the marriage." Grantham, 747 So.2d at 838(¶ 18) (citing Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994)). Such marital assets are subject to equitable distribution by the chancellor. Id. "In making an equitable distribution of property, a chancellor is not required to divide the property equally." Humphries v. Humphries, 904 So.2d 192, 198(¶ 24) (Miss.Ct.App.2005) (citing Drumright v. Drumright, 812 So.2d 1021, 1026(¶ 14) (Miss.Ct.App.2001)). The matter is within the chancellor's discretion, as he has all equities and relevant circumstances in mind and is in the best position to decide such matters. See Pittman v. Pittman, 652 So.2d 1105, 1109 (Miss.1995). A chancellor is responsible for determining the fair market value of the marital assets. Ferguson v. Ferguson, 639 So.2d 921, 929 (Miss.1994). When this Court reviews a chancellor's judgment of property division we "are to review the judgment to ensure that the chancellor followed the appropriate standards and did not abuse his discretion." Wells v. Wells, 800 So.2d 1239, 1243(¶ 8)(Miss.Ct.App.2001).
¶ 7. After reviewing the record, there is no evidence that would suggest that the chancellor abused his discretion. The value of the home given by the chancellor appears to have been derived in a fair manner by taking the average of the two parties' proposed appraisals.
¶ 8. The chancellor also had a logical explanation as to why he allowed Richard to be granted all of his monthly retirement. He found that Richard needed his full retirement to maintain his life and to keep the marital home, which the chancellor noted carried sentimental interest for Richard. His retirement income would also be necessary to borrow the money necessary to pay off Annette's equity in the marital estate and her share of the marital assets. While the chancellor awarded Richard his full retirement income, Annette received a substantial equity in the marital home, which Richard must pay out of those retirement funds.
¶ 9. Lastly, nothing suggests that the chancellor was manifestly in error in the amounts awarded to Annette for the equitable distribution of the parties' property. He made findings of fact on the Ferguson factors and then awarded alimony to Annette address any discrepancy in the distribution of assets. Thus, these issues are without merit.
¶ 10. THE JUDGMENT OF THE CHANCERY COURT OF TATE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*597 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.