# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-00771-COA

**TAMMY H. RATLIFF A/K/A TAMMY HUBBARD**                                                       **APPELLANT**

**v.**

**DENNIS L. RATLIFF**                                                       **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/13/2017 |
| TRIAL JUDGE: | HON. VICKI B. DANIELS |
| COURT FROM WHICH APPEALED: | YALOBUSHA COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | ALEXANDER J. SIMPSON III |
| ATTORNEYS FOR APPELLEE: | A. E. (RUSTY) HARLOW JR. |
| | KATHI CRESTMAN WILSON |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART AS MODIFIED: 12/11/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., FAIR AND TINDELL, JJ.**

**TINDELL, J., FOR THE COURT**:

¶1.     On December 1, 2009, the Yalobusha County Chancery Court granted Tammy Hubbard and Dennis Ratliff a divorce. In March 2016, Hubbard filed a contempt action against Ratliff. Ratliff counterclaimed for contempt; emancipation of the couple's minor child, SDR;[1] and termination of child support. After conducting a trial in May 2016, the chancery court entered a judgment on June 13, 2017, finding that neither party should be held

---

[1] We use initials here to protect the minor's privacy.

in contempt, that SDR was emancipated as of August 1, 2016, and that Hubbard must repay the child-support sums Ratliff paid after SDR's emancipation.

¶2. Although the chancery court set SDR's emancipation date at August 1, 2016, there is insufficient record evidence to support her emancipation on this date. Based on Hubbard's testimony, the chancery court understood that SDR took some summer classes after graduating high school. The start and end dates of these classes do not appear in the record. Whether SDR was enrolled as a full-time or part-time student is not apparent. What is clear from the record is that SDR joined the military in November 2016.

¶3. Emancipation, by statute, terminates the duty of support and occurs when the child "[j]oins the military and serves on a full-time basis . . . ." Miss. Code Ann. § 93-11-65(8)(a)(iii) (Rev. 2013). Therefore, Ratliff's child-support obligation terminated upon the minor child's emancipation in November 2016. Because the chancery court erroneously set SDR's emancipation date at August 1, 2016, we reverse the chancery court's judgment on that issue and render November 2016 as the effective emancipation date. In setting the emancipation date as November 2016, we must also modify those portions of the chancery court's judgment awarding repayment of the sums Ratliff paid. We affirm the chancery court's judgment in all other respects.

## FACTS

¶4. In December 2009, the chancery court granted Hubbard and Ratliff a divorce on the ground of irreconcilable differences. Pursuant to the property-settlement and child-custody agreement, Hubbard was awarded sole legal and physical custody of SDR. The chancery

2

court awarded visitation to Ratliff and ordered him to pay child support, maintain a life-insurance policy with SDR as the beneficiary, provide health insurance for SDR, and pay one-half of SDR's medical expenses not covered by insurance.

¶5. In March 2016, Hubbard filed a petition for contempt alleging that: Ratliff owed past-due child support; Ratliff failed to provide proof of a life-insurance policy with SDR as the beneficiary; Ratliff took SDR to unapproved places; and Ratliff refused to pay one-half of certain medical and educational expenses. SDR was eighteen and a senior in high school at the time Hubbard filed her contempt petition. Ratliff answered and filed a counter-petition alleging, among other things, that: Hubbard should be held in contempt of court for failing to comply with the visitation schedule, the court should declare SDR emancipated based upon her age and her discontinuation of school, and child support should be terminated. SDR graduated from high school in the spring of 2016. She then took some summer courses at her local community college. In November 2016, SDR was sworn into the United States Air Force.

**STANDARD OF REVIEW**

¶6. The standard of review in a domestic-relations matter is whether the chancery court's ruling was manifestly wrong or clearly erroneous, or if the chancery court applied the wrong legal standard. *McKnight v. McKnight*, 951 So. 2d 594, 595-96 (¶5) (Miss. Ct. App. 2007). "The factual findings of the [chancery court] are reviewed to determine if the award is supported by substantial evidence or whether the decision reflects manifest error." *Jackson v. Jackson*, 114 So. 3d 768, 773 (¶11) (Miss. Ct. App. 2013). We review questions of law

de novo. *Turnage v. Brooks*, 213 So. 3d 103, 105 (¶2) (Miss. Ct. App. 2016).

**ANALYSIS**

¶7. On appeal from the chancery court's judgment, Hubbard contends the chancery court erred (1) by declaring SDR emancipated without making findings of fact based on evidence in the record; and (2) by ordering a retroactive downward modification of child support and ordering her to repay child support paid after the effective date of SDR's retroactive emancipation.

> **I.** **Emancipation occurred in November 2016 upon SDR joining the Air Force.**

¶8. This Court has defined emancipation of a child as freeing the child "from the care, custody, control, and service of its parents; the relinquishment of parental control, conferring on the child the right to its own earnings and terminating the parent's legal obligation to support it." *Setser v. Piazza*, 644 So. 2d 1211, 1217 (Miss. 1994) (quoting *Caldwell v. Caldwell*, 579 So. 2d 543, 549 (Miss. 1991)). A parent is not responsible for a child's support once the child is emancipated, either by reaching the age of majority or otherwise. *Crow v. Crow*, 622 So. 2d 1226, 1230 (Miss. 1993). Mississippi Code Annotated section 93-11-65(8)(a) (Rev. 2013) provides that:

> The duty of support of a child terminates upon the emancipation of the child. Unless otherwise provided for in the underlying child[-]support judgment, emancipation shall occur when the child:
>
> (I)     Attains the age of twenty-one (21) years, or
>
> (ii)     Marries, or
>
> (iii)     Joins the military and serves on a full-time basis, or

4

(iv)     Is convicted of a felony and is sentenced to incarceration of two (2) or more years for committing such felony . . . .

This section of the statute uses the words, "emancipation shall occur when . . . ," and requires no use of discretion in the chancery court's judgment. *Id*.

¶9.     Alternatively, Mississippi Code Annotated section 93-11-65(8)(b) (Rev. 2013) permissibly provides, in part, that: "[u]nless otherwise provided for in the underlying child-support judgment, the court **may determine that emancipation has occurred** and no other support obligation exists when the child:  (i) [d]iscontinues full-time enrollment in school having attained the age of eighteen (18) years . . . ." (Emphasis added).  The happening of this event does not automatically mandate emancipation. *Burt v. Burt*, 841 So. 2d 108, 112 (¶10) (Miss. 2001).  The language of this portion of the statute is permissive, and the determination of emancipation is left to the chancery court's discretion. *Id*.  Thus, we examine the chancery court's permissive grant of emancipation looking for either substantial evidentiary support or manifest error.

¶10.    In finding SDR emancipated, the chancery court stated at the hearing: "[p]robably the child was emancipated as of May, but . . . I know the summer[-]school classes would have been over by July because school starts in August, so as of August 2016, the child is emancipated."  The chancery court based this finding on Hubbard's testimony that after graduating high school, SDR started taking some summer classes.  However, the chancery court went further than the evidence by assuming the summer classes ended in August.  Without solid testimony from Hubbard regarding when the classes ended, and without a school transcript or other school records to show the start and end dates of SDR's full-time

5

enrollment, the evidence was insufficient to make this finding.

¶11. In the present case, the testimony is clear that SDR left her mother's home sometime before November 2016 and was sworn into the Air Force by November 2016. At the hearing, Hubbard testified that SDR was, at that time, eighteen years old, lived in Port Hueneme, California, and was in the Air Force. Ratliff also testified that SDR was in the military. Consequently, Ratliff asked the chancellor to terminate his child-support and health insurance obligations retroactively to the date his daughter joined the military. Since there is no evidence of when SDR completed her classes, the date of emancipation must be when she joined the military in November 2016.

**II.     It was not error for the chancery court to award Ratliff credit for support payments made after SDR's emancipation.**

¶12. Substantial evidence supports the chancery court's factual findings regarding the payments made by Ratliff in support of SDR. The record shows child-support payments consistently being subtracted from Ratliff's pay, and testimony supports the amounts of medical-insurance and dental-insurance payments also withdrawn twice a month. Further, the chancery court found Hubbard knew SDR was emancipated and yet allowed Ratliff's payments to continue.

¶13. The supreme court has permitted a credit for child-support payments made after a child's emancipation. *See Dep't of Human Servs. v. Fillingane*, 761 So. 2d 869, 872 (¶13) (Miss. 2000); *Sumrall v. Munguia*, 757 So. 2d 279, 284 (¶28) (Miss. 2000). In *Fillingane*, the chancery court reduced a father's arrearages to reflect the emancipation of his children. *Fillingane*, 761 So. 2d at 870 (¶6). In *Sumrall*, the father argued that the chancery court erred

when it failed to reduce retroactively his child-support payments to the date his son entered college. *Sumrall*, 757 So. 2d at 284 (¶26). The *Sumrall* court agreed with the father's contention that the chancery court should have retroactively reduced his child-support payments to the date his son entered college and ordered a retroactive modification. *Id*. at 284 (¶28). Furthermore, the *Sumrall* court stated that non-custodial parents should be allowed to prove that they should receive credit for child-support payments made from "the point in time where the changes occurred. . . ." *Id*. at 284 (¶27). "It would be unwise to unduly restrict a chancellor's ability to make an equitable ruling" when "child[-]support payments were made on behalf of a child subsequent to that child's emancipation." *Fillingane*, 761 So. 2d at 872 (¶13).

¶14. Given the precedent that allows a chancery court the discretion to grant a parent credit for child support paid after a child's emancipation, we find the chancery court did not abuse its discretion in crediting Ratliff for the payments made after his obligation terminated. To hold otherwise would "unduly restrict a chancellor's ability to make an equitable ruling." *Andres v. Andres*, 22 So. 3d 314, 319 (¶17) (Miss. Ct. App. 2009) (quoting *Fillingane*, 761 So. 2d at 872 (¶13)).

### III. Our reversal on the effective date of emancipation requires modification of the chancery court's award of credit to Ratliff for support payments made subsequent to SDR's emancipation.

¶15. Following the supreme court's holding in *Fillingane*, the chancery court should have the discretion to "grant an obligor parent a credit for child-support payments which were made on behalf of a child subsequent to that child's emancipation." *Fillingane*, 761 So. 2d

7

at 872 (¶13); *see also Caldwell v. Caldwell*, 823 So. 2d 1216, 1221 (¶19) (Miss. Ct. App. 2002). Although the chancery court specifically awarded Ratliff a judgment for nine months of reimbursement, that amount is hereby modified to six months of payments totaling $3,204.[2] Sufficient support for these amounts are shown in Ratliff's employer payment summary for the child-support payments, and through Ratliff's sworn testimony for the medical and dental insurance paid monthly. We affirm the remainder of the chancery court's order.

¶16. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART AS MODIFIED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**

---

[2] The reimbursable payments were made from November 2016 through April 2017, and that total of $3,204 equals $1,800 in child support, $1,236 for medical insurance, and $168 for dental insurance.